# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>　　　　**Plaintiff,**<br>**vs.**<br><br>**KEVIN P. PAWLIK, TYLER NICHOL, and LEE RICE**<br><br>　　　　**Defendants.** | CASE NO: CR01-119-S-EJL<br><br>**MEMORANDUM ORDER** |

　　　　On July 26, 2005 the Court requested briefing from Defendants Tyler Nichol, Lee Rice, and Kevin Pawlik regarding the limited question on remand regarding possible resentencing as to these Defendants. Specifically, the remand asks this Court to determine whether it would have imposed the same sentence if it had known the guidelines were advisory as determined by the United States Supreme Court in United States v. Booker, 125 S.Ct. 738 (2005). Accordingly the parties submitted their briefing. Each of the Defendants seek resentencing arguing that their sentence would have been lessor had the Court known the guidelines were advisory. The government argues the sentences in this case were reasonable and the sentences would not have been more lenient had the non-binding nature of the guidelines been known at the time of sentencing.

　　　　Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be

significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument. Local Rule 7.1(d)(2).

## Discussion

Following a twelve day jury trial in this matter the Defendants were each convicted of drug related charges. (Dkt. No. 203). The sentencing hearings in this case were continued multiple times in order for all parties to fully consider and advise the Court as to the relevant sentencing considerations resulting in several rounds of briefing prior to the sentencing hearings. The Court ultimately sentenced the Defendants in April of 2003. The Court took great care and invested an extraordinary amount of time in arriving at the sentences for each of these Defendants. Thus, having heard the evidence at trial and considering the briefing and arguments offered at the sentencing hearings, the Court is very familiar with the facts and circumstances surrounding each of these individuals and the considerations employed at sentencing. Each of the Defendants' briefing here argue the § 3553(a) sentencing factors suggest a lessor sentence. In United States v. Booker, the United States Supreme Court struck down the mandatory nature of the sentencing guidelines and directed that judges consider the guidelines together with other sentencing goals found in § 3553 which are:

> (a) The Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider –
> 1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> 2) the need for the sentence imposed –
>    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>    (B) to afford adequate deterrence to criminal conduct;
>    (C) to protect the public from further crimes of the defendant; and
>    (D) to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner.
> 3) the kinds of sentences available;

> 4) the kinds of sentence and sentencing range established [by the United States Sentencing Commission Guidelines];
> 5) any pertinent policy statement [issued by the Sentencing Commission (28 U.S.C. § 994(a)(2))];
> 6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> 7) the need to provide restitution to any victims of the offense.

The Court has reviewed the record in this case including the sentencing briefing in light of the Defendants' briefing offered here on remand. The Court finds as follows as to each Defendant.

1)  Tyler Nichol:

Mr. Nichol was sentenced to a 121 month term of imprisonment to be followed by six years supervised release. A lessor sentence would have been imposed, he argues, had the guidelines been discretionary due to the fact that the Court imposed a sentence at the bottom of the guideline range, certain of the guideline calculation alternatives exist, and a stronger reference to the statutory sentencing factors would have given the Court the opportunity to reduce the sentence. In particular, Mr. Nichol points to the Court's application of the 250 milligram typical dose weight, application of certain enhancements, the sentencing factors, and challenges that the evidentiary standard should be clear and convincing evidence.[1]

As to the arguments regarding the Court's findings and conclusions regarding the applicable guidelines and enhancements at sentencing, the Court rejects the same.[2] The time and consideration expended on the sentencing of these Defendants far exceeds that of most other cases coming before the Court. The applicable guidelines, enhancements, and the like were extensively argued and briefed at sentencing and the Court is confident in its conclusions and the record is clear on these arguments. The Court also finds that had the guidelines been discretionary at the time the calculation of the applicable guidelines for each Defendant here would remain the same. The Court

---

[1] Additionally Mr. Nichol argues there are no facts and/or factors which would warrant a higher sentence.

[2] The other Defendants have joined and adopted Mr. Nichol's arguments to the extent they do not conflict with other positions they've taken. The Court rejects the arguments as raised to each of these Defendants.

does, however, point out that since the date of sentencing in these cases the Sentencing Guidelines adopted the application of the 250 milligram per pill ratio for ecstacy as was applied by this Court at these sentencings. See U.S.S.G. § 2D1.1 Comment Note 11.

As to the impact of the § 3553 sentencing goals, the Court has reviewed the arguments of counsel at the sentencing hearing along with those made here, the applicable record herein, and the Court's own notes on the matter. Having made such a review the Court concludes the sentence imposed would not be different had the Court known the sentencing guidelines were advisory. At the sentencing hearing defense counsel outlined those factors that apply to Mr. Nichol and the Court considered the same. While the Court did impose the low-end of the guideline range, a lower sentence is not warranted in this case. As was evident at the trial, Mr. Nichol was a prominent figure in the conspiracy which resulted in an extremely large quantity of ecstacy being distributed in this area. Most importantly, however, the Court's sentence was and remains the extremely conservative as to Mr. Nichol, particularly as to the quantity of drugs. If anything, the Defendant's conduct in this case warranted a higher sentence. Before imposing this sentence the Court weighted several factors including those in § 3553, the co-defendant's sentences, the offense conduct, and the several briefs and arguments of counsel. Because the Court finds a different sentence is not warranted the Court declines the request to vacate and resentence Mr. Nichol.

2)   Lee A. Rice, II:

Mr. Rice was sentenced to an 84 month term of imprisonment followed by three years supervised release. Here Mr. Rice has joined in Mr. Nichol's arguments and renews his original objections to the sentencing in this case. In addition, Mr. Rice argues had the sentencing guidelines been advisory the Court would have imposed a lesser sentence considering his actions since his incarceration including securing an inmate worker position at Nellis Air Force Base and his leadership in the interfaith religious community. Mr. Rice also contends the Court could revisit Mr.

Rice's truthfulness and willingness to take responsibility which were a concern for the Court at the sentencing.

While at resentencing the Court could consider Mr. Rice's conduct while incarcerated, the Court disagrees that this warrants a lessor sentence in this case. At the sentencing the Court took into account the § 3553 factors including the severity of the charges, Mr. Rice's involvement, the sentence of co-defendants, and the like. As stated previously, the Court was deliberately conservative in imposing the sentences in this case. As to Mr. Rice, the Court's comments regarding his attitude and unwillingness to take responsibility remain the view of this Court. While his conduct since the sentencing appears to be positive and the Court encourages further such conduct, the Court would not have sentenced Mr. Rice differently had the sentencing guidelines been discretionary. Mr. Rice's involvement in this case was critical to the success of the conspiracy and his sentence properly reflects the necessity of his involvement while taking into account that other Defendants were more culpable for the actual distribution of the ecstacy. The goals of deterrence, protection to the public, and the sentences of the other Defendants were all weighed in sentencing Mr. Rice. In addition, at the sentencing the Court was presented with information relating to Mr. Rice's other positive life activities beyond his involvement in the illegal conduct for which he was sentenced. The Court considered all of these factors before imposting sentence. Had the sentencing guidelines not been mandatory the Court would have imposed the same sentence and, thus, the request for resentencing is denied.

3)      Kevin P. Pawlik:

Mr. Pawlik was sentenced to 205 months in custody and six years supervised release. As with the above Defendants, Mr. Pawlik points to the § 3553 factors as a basis for a lessor sentence. Mr. Pawlik diverts from the other Defendants in arguing that certain history and character arguments were not pursued at sentencing because they were not factors for consideration or irrelevant under the then mandatory guidelines. See U.S.S.G. §§ 5H1.1 through 5H1.6 and 5K2.0.

Mr. Pawlik asserts the Court was only offered a "one-sided" version of his character. He also argues other cooperating individuals involved in this conspiracy received significantly reduced sentences.

Having reviewed the record as to Mr. Pawlik and the arguments of counsel the Court again finds that the sentence would not be different had the sentencing guidelines not been mandatory. The considerations not pursued at sentencing identified in the brief are: age, education and vocational skill, mental and emotional conditions, physical conditions, employment record, and family ties and responsibilities. These factors are included as part of Chapter 5 of the sentencing guidelines and while not ordinarily relevant "they may be relevant...in exceptional cases" or cumulatively. See U.S.S.G. Chapter 5, Part H, Introductory Commentary. Nothing precluded the Defendant from raising these arguments at the sentencing hearing. Regardless, to a large extent these factors were included in the presentence investigation report. See PSR at ¶¶ 172-205. Having again reviewed the presentence report and the Court's own notes from the sentencing the Court finds these factors were considered and, had they been formally raised by counsel, would not have changed the resulting sentence. As to the sentences imposed on the cooperating individuals, the Court was aware of these sentences at the time of sentencing. Although those who cooperated received much lower sentences, the fact remains that Mr. Pawlik's circumstances are such that the higher sentence is warranted. Mr. Pawlik was the central player in this conspiracy which resulted in the distribution of a large amount of drugs in this area, he was known to carry a firearm in the course of the conspiracy, he chose not to cooperate and/or accept responsibility for his conduct and, as a result, has been convicted and sentenced accordingly. Therefore, the request for resentencing is denied.

## ORDER

Based on the foregoing and being fully advised in the premises, the Court **HEREBY DENIES** the Defendants' requests for resentencing.

DATED: **November 2, 2005**

*Edward J. Lodge* (signature)
Honorable Edward J. Lodge
U. S. District Judge