**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | CASE NO: CR01-119-S-EJL |
| **Plaintiff,** | **MEMORANDUM ORDER** |
| **vs.** | |
| **KEVIN P. PAWLIK** | |
| **Defendant.** | |

Pending before the Court in the above-entitled matter are Kevin Pawlik's Motion for Return of Seized Property, Motion for Default, Motion to Void Judgment, and Motion to Show Cause. The matter is ripe for the Court's consideration. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument. Local Rule 7.1(d)(2)(ii).

**FACTUAL AND PROCEDURAL BACKGROUND**

The motions relate to a criminal case initiated in August of 2001. The initial trial was held in February of 2002. A second trial commenced in November of 2002 where the jury found Mr. Pawlik guilty of Conspiracy to Distribute and/or Possess with Intent to Distribute Controlled Substances, Distribution of a Controlled Substance to a Person Under 21 Years of Age, and Use of a Firearm During a Drug Trafficking Crime. (Dkt. No. 204). Mr. Pawlik

appealed his convictions to the Ninth Circuit who affirmed the convictions. (Dkt. No. 317).[1] Thereafter, Mr. Pawlik filed the instant motions seeking return of two firearms, namely a .38 caliber Smith & Wesson revolver and a Glock 9 mm Semi-Automatic handgun which were used as evidence in the case. Mr. Pawlik has also filed judicial notices and related motions to enter default, void the judgment, and to show cause.

The motion for return of the weapons alleges that Mr. Pawlik's attorney made a verbal request of the Government attorney for return of the property after this Court had denied the request for re-sentencing. (Dkt. No. 343). Ultimately, the Government informed defense counsel that the firearms had been returned to the Tacoma, Washington Police Department who had destroyed the firearms. Defense counsel notified Mr. Pawlik of this information which prompted Mr. Pawlik to file the instant motion seeking replacement costs for the firearms of at least $1,400.[2] The motion contends that the Government is liable for that amount as the weapons were destroyed "without due process or cause." (Dkt. No. 343, p. 2). Mr. Pawlik later filed a motion to enter default against the Government for failing to timely respond to the motion. (Dkt. No. 344). The Government responded by objecting to the motion and asking that the motion be dismissed. (Dkt. No. 348). Mr. Pawlik has also filed judicial notices, a motion to show cause, and a motion to vacate judgment. (Dkt. Nos. 354-364, 366, and 368). The Government also responded to certain of these documents. (Dkt. No. 365).

---

[1] The Ninth Circuit did remand the case for sentencing purposes as outlined in United States v. Booker, 125 S.Ct. 738 (2005) and United States v. Ameline, 409 F.3d 1073 (9th Cir. 2005) (en banc) which this Court resolved in a written order. (Dkt. No. 328).

[2] The motion notes that the estimated replacement cost for the .38 caliber Smith & Wesson is $600.00 and the Glock 9 mm is $800.00.

# DISCUSSION

I.   <u>Motion for Return of Property</u>:

Motions for return of seized evidence generally are made pursuant to Rule 41(g) which states:

> Motion to Return Property. A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g).

Generally, a Rule 41(g) motion is properly denied "if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues." <u>United States v. Mills</u>, 991 F.2d 609, 612 (9th Cir. 1993) (citing <u>United States v. Van Cauwenberghe</u>, 934 F.2d 1048, 1061 (9th Cir. 1991)). "A criminal defendant is presumed to have the right to the return of his property once it is no longer needed as evidence, and the burden of proof is on the government to show 'that it has a legitimate reason to retain the property.'" <u>Id.</u> (quoting <u>United States v. Martinson</u>, 809 F.2d 1364, 1369 (9th Cir. 1987) (citation omitted)); <u>see also</u> <u>United States v. Kaczynski</u>, 416 F.3d 971, 974 (9th Cir. 2005). "The government may meet this burden by demonstrating 'a cognizable claim of ownership or right to possession adverse to that of [the defendant].'" <u>Id.</u> (quoting <u>United States v. Palmer</u>, 565 F.2d 1063, 1065 (9th Cir.1977)). "The government need not prove that the government itself is entitled to lawful possession; it is sufficient for the government to prove that [the defendant] is not so entitled." <u>United States v. Fitzen</u>, 80 F.3d 387, 389 (9th Cir. 1996) (holding that the state forfeiture proceeding establishing the state of Idaho's ownership of the property was sufficient to prove that the defendant was not lawfully entitled to the property).

Mr. Pawlik does not have a possessory interest in the property seized by the government. Federal law prohibits convicted felons from possessing guns, whether it be actual or constructive possession. See 18 U.S.C. § 922(g); see United States v. Howell, 425 F.3d 971, 974 (11th Cir. 2005). In light of Mr. Pawlik's convictions in this case, it is self-evident that Mr. Pawlik is not lawfully entitled to possession of the seized firearms. Returning firearms to a convicted felon would be a violation of federal law and public policy. "When it is apparent that the person seeking a return of property is not lawfully entitled to own or possess the property, the district court need not hold an evidentiary hearing. See United States v. Felici, 208 F.3d 667, 670-71 (8th Cir. 2000) (district court properly denied Rule 41(e) request for the return of firearms without an evidentiary hearing because defendant's status as a convicted felon made it illegal for him to possess firearms. However, district court erred in denying defendant's request for the return of items the government asserted were "drug-related" without an evidentiary hearing where it was not immediately apparent whether items were used or intended to be used in an unlawful manner). Thus, no evidentiary hearing is necessary in this case in order for this Court to conclude that the Rule 41(g) motion should be denied. Likewise, the motion for default is denied.

II.  Motion to Void Judgment and Motion to Show Cause

Defendant has filed a Notice and Demand to Vacate Void Judgment and Motion to Show Cause both pursuant to Federal Civil Rule of Procedure 60(b)(4). The motions challenge the Court's constitutional and jurisdictional authority to enter judgment over the Defendant. The motions argue that neither the Court nor the Government ever provided evidence of its jurisdictional authority over the Defendant in this matter and, therefore, the judgment is void. This contention is without merit because it is firmly established that district courts have jurisdiction over all offenses against the laws of the United States. See

18 U.S.C. § 3231; <u>United States v. Hanson</u>, 2 F.3d 942, 945 (9th Cir. 1993) (affirming the district court's jurisdiction over a tax protester who alleged that he was not a citizen of the United States, but a resident of his home state).  The crimes for which Mr. Pawlik has been convicted were all offenses against the laws of the United States.  Accordingly, jurisdiction is proper and these motions are denied.

## ORDER

Based on the foregoing and being fully advised in the premises, the Court **HEREBY DENIES** Mr. Pawlik's Motion for Return of Seized Property (Dkt. No. 434).

IT IS FURTHER ORDERED that Mr. Pawlik's Motion to Enter Default (Dkt. No. 344), Notice and Demand to Vacate Void Judgment (Dkt. No. 366), and Motion to Show Cause (Dkt. No. 368) are **DENIED**.

DATED:  **May 23, 2008**

Honorable Edward J. Lodge
U. S. District Judge