UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN PRZEMYSLAW PAWLIK,<br><br>Defendant. | Case No. 1:01-cr-00119-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant Kevin Przemyslaw Pawlik's third Motion for Early Termination of Supervised Release. Dkt. 391. The Government has filed an opposition to the Motion and the matter is ripe for the Court's consideration. Dkt. 393. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons set forth below, the Court finds good cause to DENY Pawlik's Motion.

## II. BACKGROUND

Pawlik was found guilty of multiple counts of drug related crimes including

Conspiracy to Distribute, Distribution, and Distribution of a controlled substance to a person under 21 years of age, as well as one count of using, carrying, possessing, or brandishing a firearm during and in relation to a drug trafficking offense. Dkt. 258. On April 1, 2003, the Court sentenced Pawlik to a term of 205 months in custody to be followed by six years of supervised release. Dkts. 258, 259. Pawlik completed his term of incarceration and, on November 1, 2015, began his term of supervised release. Dkt. 380. Pawlik has now served over four years of his term of supervision and requests early termination under 18 U.S.C. § 3583(e). Dkt. 391. The Court denied Pawlik's first and second requests for early termination of supervised release on December 17, 2018 (Dkt. 386) and June 26, 2019 (Dkt. 390), respectively.

### III. LEGAL STANDARD

Under 18 U.S.C. § 3583(e), supervised release may be terminated any time after one year, pursuant to the applicable rules of criminal procedure, where a court determines such action is warranted by the conduct of the defendant released and the interest of justice. 18 U.S.C. § 3583(e)(1). In making this determination, the court considers certain factors set forth in 18 U.S.C § 3553(a) including: the nature and circumstances of the offense and the history and characteristics of the defendant; afford adequate deterrence to criminal conduct; protect the public from further crimes of the defendant; and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment. 18 U.S.C. § 3583(e).

### IV. DISCUSSION

Pawlik represents that he has complied with the conditions of his release, maintains

a residence, is recently married, was permitted by his probation officer to travel to the Philippines to be married, fostered friendships with his neighbors, and is a disabled Veteran of the United States Marine Corps. Dkt. 391. Pawlik also notes his probation officer placed him in the "low risk caseload" and asserts that he meets the criteria for early termination under 18 U.S.C. § 3583(e). Dkt. 391.

The Government opposes the Motion (Dkt. 393), as they did Pawlik's initial motion for early termination of supervised release, (Dkt. 382). In the Government's opposition to Pawlik's initial motion, it argues Pawlik's circumstances and the nature of the underlying case do not warrant early termination. Dkt. 382. In addition, Pawlik's Probation Officer submitted a Report regarding Pawlik's performance on supervision. Dkt. 385. On Pawlik's second motion for early termination of supervised release, his new Probation Officer, Jansen Kitchens, filed a response to that motion. Dkt. 389. In both reports submitted by probation, Pawlik's probation officers confirmed that Pawlik is doing well on probation, but also expressed their opposition to his request for early termination based upon the seriousness of his underlying criminal conduct. Dkt. 385, at 2; Dkt. 389, at 2.

Having reviewed the relevant factors discussed in § 3583(e), Pawlik's filings, the Government's response, and the record herein, the Court denies the Motion. The nature and circumstances of the offense and the history and characteristics of Pawlik do not warrant early termination at this time. The Court congratulates Pawlik on his success in complying with his release conditions, reintegrating into his community, and his recent marriage. However, given the record in this case, the nature of the charges, the basis for the original sentencing, and Pawlik's history and characteristics, the Court finds neither the

circumstances of this case nor the interests of justice warrant early termination under § 3583(e). Pawlik is encouraged to continue making good decisions and complying with the terms and conditions of his release.

## V. ORDER

NOW THEREFORE IT IS HEREBY ORDERED that:

1. Pawlik's Motion for Early Termination of Supervised Release (Dkt. 391) is **DENIED**.

DATED: June 12, 2020

David C. Nye
Chief U.S. District Court Judge